ALLEN & WOODS CO., INC. *vs.* ADEACK REALTY COMPANY.

FEBRUARY 6, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J.  This is a bill in equity for specific performance of an alleged oral agreement for a lease.  After a hearing in the superior court on bill, answer and proof, the trial justice entered a decree denying and dismissing the bill. The case is before this court on the complainant's appeal from such decree on the grounds that it is against the law and the evidence and the weight thereof.

The pertinent allegations in the bill are that the parties entered into an oral agreement for the lease of certain premises owned by respondent for a term of five years; that the agreement was subsequently confirmed in writing by a letter signed by respondent; and that in reliance on the oral agreement and letter complainant moved into the premises at great expense, occupied the same and expended sums of money in improvements.  The bill also alleges that respondent has refused to execute a lease in accordance with the agreement of the parties.

In its answer respondent admits that it had certain conversations with complainant with reference to a lease, but denies that it entered into an oral agreement as alleged by complainant.  In addition it pleads the statute of frauds on the ground that the letter and part performance on which complainant relies are insufficient to satisfy the requirements of the statute.

After the hearing the trial justice made certain findings of fact on which he based the decree. He found that in the conversations between the parties certain terms were agreed upon; that in the contemplation of both parties further terms were left to further consideration; and that there never was a complete oral agreement for a lease.

The evidence on the issue relating to the existence of an oral agreement is in conflict. The complainant contends that a complete oral agreement had been reached. It relies heavily on the letter and an unexecuted lease, both of which are in evidence, to corroborate its claim. The respondent, on the other hand, presented evidence to support its contention that the negotiations for the lease had never been completed.

The determination of this decisive question depended to a great extent upon credibility. The trial justice obviously believed respondent's version of what transpired during the talks between the parties. At least, it is clear from his findings that he did not give complete credibility to complainant's evidence.

We have repeatedly held that where the evidence is conflicting, findings of fact by a trial justice are entitled to great weight and will not be disturbed by this court unless they are clearly wrong or fail to do justice between the parties. The burden of proving that the findings are subject to those defects is on complainant.

After carefully examining the transcript we are of the opinion that the trial justice was not clearly wrong and that he did not misconceive or overlook any material evidence. In the circumstances, therefore, the decree does not fail to do justice between the parties. In view of these findings the issues relating to the statute of frauds are not before us.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Albert Lisker*, for complainant.

*Higgins, Cavanagh & Cooney, John P. Cooney, III,* for respondent.