306 A.2d 185.

ALIE JACKSON *vs.* JOHN QUINLAN, *d/b/a* QUINLAN HOME CONSULTANTS.

JULY 2, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J. This is a civil action for monies due and owing on a book account. The cause was tried to a justice of the Superior Court, sitting without a jury. Judgment was for the plaintiff in the amount of $750. The cause comes to this court on an appeal of the defendant from that judgment.

The defendant was engaged in the business of making repairs and alterations to property. The plaintiff testified that as a "lead taker"[1] he had an agreement with defendant whereby he was to receive from defendant ten per cent "off the top" from the payment for any repair or alteration job that plaintiff would refer to defendant. The plain-

---

[1] A "lead taker" was described as a person who would find a property owner interested in having some repairs or alterations made to his property, and the "lead taker" would then refer said property owner to a person engaged in the repair and alteration business who would call on the prospect and arrange to have the work done.

tiff further testified that payment by defendant was to be made by means of a $100 weekly draw by plaintiff and any balance due was to be paid when defendant was paid for the job. The defendant, however, testified that the agreement called for a payment to plaintiff of ten per cent of the profits on any job referred by him.

The evidence was conflicting as to the number of referrals made by plaintiff. The testimony as to amounts paid by defendant to plaintiff was conflicting. There was some testimony that plaintiff received no payments for some referrals. The defendant testified and produced so-called receipts showing that plaintiff was paid "in full" for certain referrals. This was denied by plaintiff.

The trial justice, in his decision, noted that it was difficult to determine what the truth was because of the conflicting and contradictory testimony. He found that plaintiff was entitled to a commission on a certain referral named the "Deery" job. The trial justice awarded plaintiff the sum of $750 for all his work.

The defendant contends that the decision of the trial justice was not based on the evidence, but was arbitrary and unsubstantiated by the evidence, is against the evidence and the weight of the evidence, and fails to do justice between the parties.

Where the evidence is conflicting, findings of fact by a trial justice are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. The burden of proving that the findings are subject to these defects is on the complainant. *Allen & Woods Co.* v. *Adeack Realty Co.*, 94 R. I. 36, 177 A.2d 628 (1962).

Here, the evidence is conflicting, but we are not persuaded that the trial justice was in error when he concluded that the plaintiff was entitled to a commission since a reading of the transcript clearly indicates that the trial justice accepted the testimony of the plaintiff and discarded the tes-

timony of the defendant. It further appears that the trial justice determined that the damages as awarded were fair and equitable. The defendant has failed to persuade us that the decision of the court below was clearly wrong.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court for further proceedings.

Motion to reargue denied.

Mr. Justice Joslin did not participate.

*John D. Lynch,* for plaintiff.

*Jacob D. Portnoy,* for defendant.